IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:88CR53

JOHN C. CURTISS

**MEMORANDUM OPINION**

John C. Curtiss, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 15.) The Government has moved to dismiss, inter alia, on the ground that the statute of limitations bars the § 2255 Motion. For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

The present action concerns Curtiss's conviction for failure to appear for sentencing. The relevant procedural history is as follows:

> In March of 1988, an Eastern District of Virginia jury convicted Curtiss of twenty-one counts, including mail fraud, false statements, false claims upon the United States, and conspiracy. At the conclusion of the trial, the Court allowed Curtiss to remain free on bond pending the sentencing hearing. Curtiss chose to abscond; in 2009, he was apprehended in the Bahamas. Upon his return to the Eastern District of Virginia, and this Court, Curtiss was sentenced on July 14, 2009, to [an active] term of 15 years [for the original twenty-one counts].

United States v. Curtiss, No. 3:87-cr-112-JAG, 2014 WL 202029, at *1 (E.D. Va. Jan. 17, 2014). Also on July 14, 2009, for the charge of failure to appear at sentencing, the Court sentenced Curtiss to a fourteen (14) month consecutive sentence. (J. 2, ECF No. 11.) Curtiss did not file a notice of appeal with respect to his conviction and sentence for failure to appear.

On October 18, 2012, Curtiss placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 14.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Curtiss demands relief upon the following grounds:

| | |
|---|---|
| Claim One | Curtiss was subjected to "total deprivation of due process of law" because of improper treatment as a pretrial detainee and because he failed to receive a hearing required by Federal Rule of Criminal Procedure 11. (§ 2255 Mot. 5.)[1] |
| Claim Two | The "Government coerced [a] guilty plea, and bargain[ed] in bad faith." (Id. at 6.) |
| Claim Three | The Government committed "violations of constitutional law" by, inter alia, "invasive medical testing without consent." (Id. at 8.) |
| Claim Four | Curtiss failed to receive the "effective assistance of counsel" because she, among other things, "fail[ed] to advise client of possible consequence[s] of [the] plea." (Id. at 9.) |

---

[1] The Court corrects the capitalization, spelling, and punctuation in the quotations from Curtiss's submissions.

2

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. The Statute Of Limitations Bars Curtiss's § 2255 Motion

Because Curtiss did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, July 28, 2009, the last date to file an appeal. <u>See United States v.</u>

Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Curtiss had until July 28, 2010 to file any motion under 28 U.S.C. § 2255. Because Curtiss did not file his § 2255 Motion until 2012, the statute of limitations bars the § 2255 Motion.

Curtiss vaguely suggests that he is entitled a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)[2] or equitable tolling. (Pet'r's Reply 3, ECF No. 20.) Motions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010) (citations omitted). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,

---

[2] This provision provides for a belated commencement of the limitation to "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). In order to avail himself of this section, Curtiss must "allege specific facts as to how he was prevented from filing a [§ 2255 motion]." O'Neill v. Dir., Va. Dep't Corr., No. 3:10CV157, 2011 WL 3489624, at *3 (E.D. Va. Aug. 9, 2011) (citing Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)).

4

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).

Curtiss argues that his health entitles him to equitable tolling. To succeed in making his § 2255 Motion timely

> Curtiss must show that his failing health "in fact prevents [Curtiss] from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). Curtiss's health conditions must be both "profound," United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (internal citation omitted), and the "but-for and proximate cause" of his petition's untimeliness. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) on reh'g en banc, 295 F.3d 1046 (9th Cir. 2002) (citation omitted).

Curtiss, 2014 WL 202029, at *2 (rejecting Curtiss's request for equitable tolling based upon his medical problems). Curtiss falls far short of demonstrating that his ailments prevented him from filing his § 2255 Motion in the years following his sentencing. Id. In support of his assertion that he is

entitled to a belated commencement or equitable tolling of the limitation period, Curtiss provides a rambling description of his ailments. (Pet'r's Reply 3-6.) For example, Curtiss states that:

> The petitioner being an elder person, disabled both mentally and physically as the result of an industrial accident in 1978, combined with the fact that he suffers from a number of life long chronic conditions, the least of which is Malignant Hyperthermia (MH). On consequence of (MH) is its ability to kill its host within minutes once triggered, without emergency treatment.

(Pet'r's Reply 3-4 (spelling corrected).) Curtiss, however, completely fails to demonstrate how his Malignant Hyperthermia, or any other condition prevented him from filing a § 2255 motion. Accordingly, the statute of limitations bars Curtiss's § 2255 Motion.

## III. CONCLUSION

For the foregoing reasons, Curtiss's § 2255 Motion (ECF No. 15) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Curtiss and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 17, 2015
Richmond, Virginia